**In re TOM CARTER
ENTERPRISES, INC., Debtor.**

**SECURITIES AND EXCHANGE
COMMISSION, Plaintiff,**

v.

**Curtis B. DANNING and James J.
Joseph, Co–Trustees, Defendants.**

**Bankruptcy Nos. SA 83–05401–RP, SA
83–05403–RP, SA 83–05404–RP and
SA 83–05415–RP.
Adv. Nos. SA–84–0476, SA–84–0480.**

United States Bankruptcy Court,
C.D. California.

Dec. 3, 1986.

Richard A. Kirby, James A. Shalvoy,
S.E.C., Los Angeles, Cal., for plaintiff.

Michael Goldstein, Stutman, Treister &
Glatt, Los Angeles, Cal., for defendants.

**AMENDED ORDER RE STIPULATION
OF SETTLEMENT**

RALPH G. PAGTER, Bankruptcy Judge.

On September 15, 1986, after notice to all
interested parties, the Stipulation of Settle-
ment dated August 25 and 26, 1986, be-
tween the Co–Trustees and the Securities
and Exchange Commission came on for
hearing before this Court.

Having considered the Stipulation of Set-
tlement, the documents filed in response
thereto, and argument and representations
of counsel, and all the pleadings and doc-
uments in this bankruptcy case and these
adversary proceedings; and it appearing to
the Court that there exists a bona fide
dispute between the parties to the Stipula-
tion of Settlement as to the status and
right or entitlement of the Commission to
intervene or appear under Bankruptcy
Code Section 1109(b), 11 U.S.C. § 1109(b),
and to impose a constructive trust on cer-
tain funds transferred to the Co–Trustees
pursuant to a Stipulation and Order dated
March 21, 1984 entered in a then-pending
case, *SEC v. Thomas D. Carter*, et al., No.
83–7645 RJK (C.D.Cal), and that upon en-
try of this Order the parties will have fully
settled all the disputes between them con-
cerning the disposition of those funds, and
the funds will remain property of the debt-
ors' estates as earlier ordered by this
Court; and it further appearing that reso-
lution of these disputes will facilitate the
expeditious processing of the claims filed in
this estate; the Court finds that the notice
given of the Stipulation of Settlement was
appropriate given the particular circum-
stances herein; and that it is in the best
interests of the parties to the Stipulation of
Settlement, the claimants to the estates
and the administration of the estates that
this Stipulation of Settlement be approved.
Accordingly, pursuant to Bankruptcy Rule
9019(a),

IT IS HEREBY ORDERED

(A) that the following orders of this
Court be and hereby are vacated:

(1) Findings of Fact, Conclusions of Law
and Order Denying SEC's Motion for Sum-
mary Judgment; Granting Co–Trustees
Summary Judgment; and Granting Co–
Trustee's Motion That Funds Held by the
Co–Trustees Are Property of the Debtors'
Estate, entered November 27, 1985 [55
B.R. 543];

(2) Memorandum Opinion dated October
9, 1985 Granting Co–Trustees' Motion for
Order Determining Nature of Funds, Deny-
ing the Motion of the SEC for Summary
Judgment and Granting Summary Judg-
ment to the Co–Defendant Trustees;

(3) Order Denying Motion to Intervene,
entered June 14, 1984, which denied the
Commission's Motion to intervene in the
bankruptcy cases under 11 U.S.C.
§ 1109(b);

(4) Orders entered October 23, 1984 and
November 7, 1984, which granted the Com-
mission standing to prosecute the adver-
sary proceedings pursuant to 11 U.S.C.
§ 1109(a) but which denied the Commission
the right of appeal;

(B) that the following documents filed in
these cases be and hereby are deemed with-
drawn:

(1) All notices of appeal filed by the Se-
curities and Exchange Commission;

(2) The Motion by the Securities and Exchange Commission to Intervene As Party in Interest Pursuant to Section 1109(b) of the Bankruptcy Code, filed April 4, 1984;

(C) that the Complaint to Receive Money and Impose Constructive Trust, filed by the SEC on July 23, 1984 in the adversary proceedings be, and hereby is, dismissed with prejudice.

IT IS FURTHER ORDERED that the funds transferred to the Co–Trustees pursuant to the March 21, 1984 Stipulation and Order issued in Case No. 83–7645 RJK (C.D.Cal.) be and hereby are deemed property of the debtors' estate herein.

SO ORDERED.